UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 5:13-365-WOB-CJS

JOHN HOLT                                                                                   PLAINTIFF

v.                       REPORT AND RECOMMENDATION

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY                      DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Plaintiff John Holt brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) challenging Defendant Commissioner's final decision denying his application for benefits under the Social Security Act. At issue is whether the Administrative Law Judge (ALJ) erred in finding Plaintiff "not disabled" and, therefore, not entitled to benefits. As explained below, the ALJ's decision was supported by substantial evidence. For the reasons explained herein, it will be recommended that the Plaintiff's Motion for Summary Judgment (R. 10) be **denied**, and the Commissioner's Motion for Summary Judgment (R. 11) be **granted**.

I.       STANDARD OF REVIEW AND THE ADMINISTRATIVE PROCESS

In reviewing the decision of an ALJ in social security cases, the only issues before the reviewing court are whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Blakley v.*

*Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Blakley*, 581 F.3d at 406. "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Id*. (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Thus, even if the evidence could also support another conclusion, the decision of an ALJ must stand if the evidence could reasonably support the conclusion reached. *Id.* (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

In this case, Plaintiff must establish that he is disabled within the meaning of the Social Security Act in order to qualify for benefits. 42 U.S.C. § 423(a)(1). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). First, a claimant must demonstrate that he is not currently engaged in "substantial gainful activity." *Vance*, 260 F. App'x at 803 (citing 20 C.F.R. §§ 404.1520(b), 416.920(b)). Second, if the claimant is not engaged in substantial gainful activity, he must demonstrate that he suffers from a severe impairment. *Id*. at 803-04. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" *Id*. at 804 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)). Third, if the claimant is not

performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment located at 20 C.F.R. pt. 404, subpt. P, app'x 1, then the claimant is presumed disabled regardless of age, education or work experience. *Id.* (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)). Fourth, the claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work. *Id.* Lastly, even if the claimant cannot perform his past relevant work, he is not disabled if he can perform other work which exists in the national economy. *Id.* (citing *Abbott*, 905 F.2d at 923). Throughout this process, the claimant carries the overall burden of establishing that he is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy. *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is forty-four years old and has an eighth grade education (A.R. 102, 235). He possesses both a driver's license and a commercial driver's license (*id.* at 47-48), and the ALJ found that he exhibits "little evidence of cognitive, comprehension, or communication problems." (*Id.* at 16). Plaintiff filed an application for supplemental security income on February 14, 2011, alleging that his disability began on July 3, 2010. (*Id.* at 12, 32, 103). He claims to be disabled because of leg and foot pain, diabetes, and high blood pressure. (*Id.* at 103). However, the ALJ made a more thorough review of the record and found that Plaintiff also experienced several other severe impairments, including: mild degenerative disc disease of the lumbar spine, diabetic neuropathy and retinopathy, morbid obesity, and possible learning disorder. (*Id.* at 14).

On May 2, 2012, the ALJ held a hearing on Plaintiff's claim (A.R. 26-80), and on July 26, 2012, the ALJ issued an unfavorable decision using the five-step sequential process to determine that

Plaintiff was not disabled. (*Id*. at 13-21). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful employment activity since February 14, 2011–the application date for supplemental security income. (*Id*. at 14).

At step two, the ALJ determined that Plaintiff had the severe impairments of "mild degenerative disk disease of the lumbar spine; insulin-dependent diabetes mellitus with diabetic neuropathy and retinopathy; hypertension; morbid obesity (BMI 43); and possible learning disorder." (A.R. 14). At step three, the ALJ analyzed the Plaintiff's impairments, both physical and mental, and found that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" under the applicable Federal Regulations. (A.R. 14).

At step four, the ALJ determined that Plaintiff had the residual functional capacity to perform light work as described in 20 C.F.R. § 416.967(b), subject to several limitations. (A.R. 16-17). Specifically, the ALJ found that Plaintiff has the functional capacity to:

> lift ten pounds frequently and twenty pounds occasionally; stand/walk six hours in an eight hour day, but not more than two hours at a time; sit six hours in an eight hour day; pushing/pulling limited to occasional with the bilateral lower extremities; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; never perform tasks requiring balance such as at unprotected heights; occasionally stoop, kneel, and crouch; never crawl; avoid concentrated exposure to extreme heat and humidity; avoid all exposure to hazards such as moving machinery and unprotected heights; limited to simple, repetitive tasks; no tasks requiring fine visual skills such as small parts assembly; no tasks requiring significant reading; and no work-related driving.

(A.R. 16-17). The ALJ found claimant had no past relevant work, and proceeded to step five. (A.R. 19). The ALJ heard testimony from an impartial vocational expert and adopted his opinion that given Plaintiff's age, education, work experience and the RFC recited above, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including representative

4

occupations such as packaging/sorting, machine operator/press operator, and bench assembly. (*Id*.). The ALJ agreed with the vocational expert's assessment and ultimately determined that the plaintiff was "not disabled" for social security purposes. (*Id*. at 21).

Plaintiff appealed the ALJ's decision to the Appeals Council. (A.R. 7-8). On September 27, 2013, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's July 16, 2012, decision denying Plaintiff benefits the final decision of the Commissioner. (A.R. 1-6). On October 30, 2013, having duly exhausted his administrative remedies, Plaintiff timely filed a Complaint asserting that the ALJ's decision was not supported by substantial evidence. (R. 1). Plaintiff and the Commissioner have filed Motions for Summary Judgment. (R. 10, 11). Plaintiff's Motion does not challenge the ALJ's findings that his physical impairments were not disabling. Plaintiff challenges that the ALJ erred in not developing the record as to his mental disability and in his determination that Plaintiff did not meet listing 12.05(C). (R. 10).

## III. ANALYSIS

Plaintiff argues that the ALJ failed in his duty at step three to develop the record by not ordering a psychological examination before determining that Plaintiff was not mentally retarded under Listing 12.05(C), and therefore the ALJ's decision is not supported by substantial evidence. A review of the record indicates that the Plaintiff's arguments lack merit. Although the ALJ has a duty to develop a full and fair record, the ALJ is neither required to act as Plaintiff's counsel nor to produce evidence for him, especially where a plaintiff is represented by an attorney, as Plaintiff was in this case. The ALJ properly determined at step three that Plaintiff was not mentally retarded because there was no evidence that he was mentally retarded prior to age twenty-two, and no psychological or medical examiner has ever determined Plaintiff to be mentally retarded.

Consequently, as discussed more fully below, the ALJ's decision is supported by substantial evidence.

      A.      **The ALJ fully and fairly developed the record regarding Plaintiff's alleged impairments.**

Plaintiff argues that the ALJ erred in relying on nonexistent evidence in reaching his decision that Plaintiff did not meet Listing 12.05(C). Specifically, Plaintiff points to the ALJ's statement that he "is able to maintain personal care and was able to participate in testing by two consultative examiners," and argues that since no consulting psychological examinations were performed, the ALJ's findings contain a material error of fact. (R. 10-1, at 2 (citing A.R. 16)). The ALJ, however, did not say Plaintiff participated in psychological examinations. To the contrary, the ALJ acknowledged that no psychological testing appeared in the record. (*See* A.R. 16). Instead, it is reasonable to assume that the ALJ was referencing Plaintiff's participation and interactions during his physical examinations.

Plaintiff also argues that the ALJ erred by not fairly and fully developing the record at step three of the five-step sequential process for determining whether an individual is disabled under 20 C.F.R. § 416.920(a). In all social security disability cases, the "burden lies with the claimant to prove that she is disabled." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 275 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). Although an ALJ's "basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with hearing procedures appeals before him," here, Plaintiff was represented by an attorney, discharging the ALJ from any special duty. *Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 344 (6th Cir. 2008) (quoting *Ashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983)); *see also Culp v. Comm'r Soc. Sec.*, 529 F. App'x 750, 751 (6th Cir. 2013) (ALJ did not have

special duty to develop record where claimant represented by counsel); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986).

Further, although the regulations provide that the agency "***may*** ask [the claimant] to have one or more physical or mental examinations or tests" if the claimant's "medical sources cannot or will not give us sufficient medical evidence" to determine whether the claimant is disabled, *see* 20 C.F.R. § 416.917 (emphasis added), the Sixth Circuit has interpreted this section as merely giving the ALJ the discretion to order an examination. *See Foster*, 279 F.3d at 355. During the administrative hearing, the ALJ specifically discussed with Plaintiff and his counsel whether current psychological testing would be of assistance. (A.R. 41). Plaintiff's attorney conceded that even if psychological testing were performed, "there's nothing to take it back to age [twenty-two]" as Listing 12.05(C) requires, stating: "[y]ou're correct. We're beat. You're correct. We can't meet the prior to developmental age standard." (*Id*. at 41-42). Therefore, the ALJ properly exercised his discretion when he did not order psychological testing of Plaintiff based on counsel's concession. *See Smith v. Comm'r of Soc. Sec.*, 473 F. App'x 443, 445 (6th Cir. 2012) (noting claimant's "attorney's concession at the hearing [that claimant did not meet a listing] shows [he] failed to meet that burden.").

Accordingly, there is no violation of the ALJ's duty to fairly and fully develop the record by his failure to obtain what Plaintiff conceded would be insufficient evidence to meet the Listing.

    **B.**    **The ALJ properly determined that Plaintiff was not mentally retarded under Listing 12.05(C) because Plaintiff did not produce any evidence that he was mentally retarded prior to age twenty-two, and no psychological examiner has ever determined Plaintiff to be mentally retarded.**

Plaintiff argues that the ALJ erred at step three of the analysis by finding he did not meet a Listing. Specifically, Plaintiff asserts that he should have been found disabled under Listing 12.05(C). (*see* R. 10-1, at 3).

Listing 12.05(C)[1] has four elements, derived from the introductory paragraph describing mental retardation[2] and the additional elements listed under part C: (1) significantly subaverage general intellectual functioning; (2) deficits in adaptive functioning initially manifested during the developmental period, i.e. before age 22; (3) a valid verbal, performance, or full scale IQ of 60 through 70; (4) a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. § 404, Subpart P, App. 1, § 12.00, Listing 12.05(C). A plaintiff carries the burden of showing that his impairment meets or equals the specific criteria of a listed impairment. *See Foster*, 279 F.3d at 354. Also, a plaintiff must produce evidence to support the existence of **all** of the requirements of a listed impairment; indeed, a lack of such evidence

---

[1] Listing 12.05C provides, in pertinent part, as follows:

Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
...
C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
....
20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

[2] As the Commissioner noted, as of September 3, 2013, the agency replaced the term, "mental retardation," in Listing 12.05(C) with the term, "intellectual disability." *See Change in Terminology: "Mental Retardation" to "Intellectual Disability,"* 78 Fed. Reg. 46,499 (August 1, 2013) (to be codified at 20 C.F.R. pts. 404 and 416). Because both parties' briefs and the ALJ's decision both used "mental retardation," this Report will continue using that term.

provides substantial evidence to support a finding that a plaintiff does not meet the listing. *See Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124 (6th Cir. 2003) (citing *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987)).

In *Foster*, the Sixth Circuit discussed the criteria for meeting Listing 12.05. *Foster*, 279 F.3d at 348. There, the court held, "a claimant will meet the listing for mental retardation only '[i]f [the claimant's] impairment satisfies the diagnostic description in the introductory paragraph *and* one of the four sets of criteria . . . .'" *Id.* at 354 (quoting 20 C.F.R. pt. 404, subpt. P, app'x 1 § 12.00(A)) (emphasis and alterations in original). The *Foster* court held that the claimant had not produced evidence to support the requirements of the introductory section of Listing 12.05(C) because none of the claimant's testing or evaluation occurred during the developmental period. *Foster*, 279 F.3d at 354-55. Instead, the evidence established that claimant was in her forties when she was tested, and "the only evidence in the record pertaining to this issue is that [claimant] left school after completing the ninth grade." *Id.* Accordingly, the Sixth Circuit determined that substantial evidence supported the ALJ's determination that the claimant did not meet the Listing 12.05(C) requirements.

Similarly, in the case at bar, the ALJ found that "the record is absent developmental data showing deficits manifested prior to age 22 or intelligence testing to support this diagnosis [of mild mental retardation]. The claimant's activities of daily [living] indicate higher functioning and there is little evidence of cognitive, comprehension, or communication problems." (A.R. 16). Accordingly, the ALJ stated that "[a]fter careful consideration of the evidence of record, the undersigned concludes the claimant's mental impairment considered singly and in combination, does not meet or medically equal **any** of the criteria of listing 12.05." (*Id.*) (emphasis added).

Plaintiff appears to argue that evidence existed in the record that claimant could meet the Listing; however, he does not point to any evidence that he asserts reflects deficits in adaptive functioning initially manifested before age 22. Instead, while there is an extensive account of Plaintiff's physical medical history in the record, there are only three references that speak to Plaintiff's alleged mental impairment. First, Plaintiff admitted that the only evidence supporting a finding of a deficit in adaptive functioning prior to age 22 is one page of a school record that illustrates he repeated two grades and dropped out of school in the eighth grade. (A.R. 41, 235). However, his school records do not indicate that he had any learning disabilities or special education at that time. (*Id*.).

Additionally, Plaintiff refers to only two medical statements in the record, both post age 22, wherein treating providers note, without discussion, that Plaintiff was mildly mentally retarded.[3] The ALJ explained that although there were a couple of references in the administrative record that indicated Plaintiff may be mildly mentally retarded (*Id*. at 249, 317), there was no evidence of any "developmental data showing deficits manifested prior to age 22 or intelligence testing to support this diagnosis." (*Id*. at 16). Consequently, the ALJ concluded that Plaintiff did not show "any limitations in adaptive functioning, which would support an assertion that [Plaintiff] is mildly mentally retarded." (*Id*.).

---

[3]Plaintiff first references an admission note for a July 4, 2010, admission to the emergency room that mentioned in the patient's history that Plaintiff has some mild mental retardation. (R. 249). However, Plaintiff stated that he does not recall a doctor asking him if he ever had a learning disability and thinks that history may have come from his mother. Plaintiff also states that he was diagnosed as mildly mentally retarded by Advanced Practice Registered Nurse Casey on November 1, 2011 (R. 10, at 2 (citing A.R. 317)). But a review of the referenced medical record indicates that Nurse Casey simply reported that "noted to have mild mental retardation in previous records."

The cases Plaintiff cites in support of his argument that the ALJ erred in his finding that Plaintiff did not meet Listing 12.05(C) are distinguishable. *See Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454 (6th Cir. 2012); *Brown v. Sec'y of Health & Human Servs.*, 948 F.2d 268 (6th Cir. 1991). In *Dragon*, the claimant provided results from IQ-testing taken when she was twelve, as well as diagnoses that she had a "mild articulation delay" and "qualifie[d] for a program for developmentally handicapped." *Dragon*, 470 F. App'x at 456. Here, on the other hand, Plaintiff did not submit any evidence that he suffered from deficits in adaptive functioning prior to age 22, which the ALJ explicitly acknowledged by stating that "the record is absent developmental data showing deficits prior to age 22 or intelligence testing." (A.R. 16).

The *Brown* decision did not discuss the evidence demonstrating onset prior to age 22 instead focusing its discussions on the Commissioner's rejection of the I.Q. score upon finding it inconsistent with plaintiff's activities of daily living. Plaintiff's reliance upon *Brown* as supporting his position is therefore misplaced. Moreover, even if Plaintiff Holt's record had provided evidence of deficits in adaptive functioning prior to age 22, he has not submitted evidence that would otherwise satisfy the requirements of subsection C.

In summary, a thorough review of the record establishes that the ALJ's finding that Plaintiff fails to meet the requirements of Listing 12.05(C) is supported by substantial evidence.

**IV.    CONCLUSION AND RECOMMENDATION**

As explained above, the ALJ's decision is supported by substantial evidence and should be affirmed. Accordingly, **IT IS RECOMMENDED** that:

1.    The Commissioner's decision be found to be supported by substantial evidence and therefore **affirmed;**

11

2. Plaintiff's Motion for Summary Judgment (R. 10) be **denied;**

3. Defendant's Motion for Summary Judgment (R. 11) be **granted;** and,

4. Judgment be entered and this matter be **stricken** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed within **fourteen (14) days** of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985). A party may file a response to another party's objections within **fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 25th day of April, 2014.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\social security\13-365 Holt R&R.wpd